Date signed November 21, 2012



                    PAUL MANNES
             U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| JAMES ROMELL ELLIS | : | Case No. 11-28015-PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| W. CLARKSON McDOW, JR., | : | |
|   UNITED STATES TRUSTEE | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 12-0578-PM |
| | : | |
| JAMES ROMELL ELLIS | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

      This case is before the court on Defendant's Motion To Dismiss Complaint For Failure To State A Claim Upon Which Relief May Be Granted.. The Complaint was filed by the United States Trustee on August 29, 2012, when this case was pending as a case under Chapter 11, seeking denial of Defendant's discharge pursuant to 11 U.S.C. §§ 1141(d)(3)(C) and 727(a)(2)(B), (a)(3) and (a)(4).  Defendant urges that there is a jurisdictional bar to granting relief under the Complaint because it was not filed within the time allowed under Bankruptcy Rule 4004(a).

      Even if the Complaint were untimely filed, there is no jurisdictional bar to its resolution by this court. As the Court stated succinctly in *Kontrick v. Ryan*, 540 U.S. 443, 447 (2004), "[w]e agree that Rule 4004 is not 'jurisdictional.'"  *See also Kontrick v. Ryan* at 453 ("As

1

Bankruptcy Rule 9030 states, "These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein." However, the question remains as to whether the United States Trustee's Complaint was timely filed.

The deadlines for filing complaints objecting to discharge under 11 U.S.C. § 727 and objecting to dischargeability of a debt under 11 U.S.C. § 523 are created by Federal Rules of Bankruptcy Procedure 4004(a) and 4007, respectively. Rule 4004(a) provides,

> **Rule 4004.  Grant or Denial of Discharge**
>
> (a) **Time for Objecting to Discharge; Notice of Time Fixed**.  In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).  In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation.  In a chapter 13 case, a motion objecting to the debtor's discharge under §1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).  At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

The pertinent dates in Defendant's underlying case are as follows:

**05/31/2011** - Defendant and his then-spouse, Cynthia Denise Ellis (collectively, "Debtors"), file a joint petition under Chapter 7, Case No. 11-21427

**05/31/2011** - Clerk issues notice of Chapter 7 case, date for meeting of creditors and 09/06/2011 bar date for filing complaints objecting to discharge and dischargeability

**06/22/2011** - Debtors file six motions under 11 U.S.C. § 522(f) to avoid judicial liens

**07/05/2011** - Meeting of creditors held in Debtors' Chapter 7 case

**09/06/2011** - Bar date for filing complaints under 11 U.S.C. §§ 523(a) and 727(a) - no complaints filed

**09/06/2011** - Debtors file a motion to deconsolidate their joint case based on impending divorce

**09/06/2011** - United States Trustee files Unopposed Motion To Extend Time To File

2

        Motion To Dismiss For Abuse, extending time to October 21, 2011

**09/08/2011** - Orders entered avoiding six judicial liens

**10/03/2011** - Order entered deconsolidating Debtors' joint case

**10/03/2011** - File opened and Case No. 11-28015 assigned to as Defendant's separate Chapter 7 case

**10/15/2011** - Defendant files Amended Schedules A through J and Amended Statement of Financial Affairs

**10/21/2011** - Defendant files motion to convert his Chapter 7 case to a case under Chapter 11

**10/24/2011** - Order entered converting Defendant's Chapter 7 case to a case under Chapter 11

**10/24/2011** - Clerk issues notice of Defendant's Chapter 11 case, date for meeting of creditors and bar date for filing complaints objecting to discharge, described as, "*First date set for confirmation of plan.* Notice of that date will be sent at a later time."

**10/27/2011** - Order entered discharging Cynthia Denise Ellis in 11-21427

**12/05/2011** - Meeting of creditors held in Defendant's Chapter 11 case - Defendant fails to appear

**03/12/2012** - Defendant files motion to vacate 10/24/2011 order converting his Chapter 7 case to case under Chapter 11

**03/14/2012** - Order entered vacating order converting Defendant's Chapter 7 case to case under Chapter 11

**03/15/2012** - Order entered discharging Defendant in his Chapter 7 case

**03/23/2012** - United States Trustee files motion to reconsider and vacate 03/14/2012 and 03/15/2012 orders, and motion to conduct Rule 2004 examination of Defendant

**04/25/2012** - Order entered granting United States Trustee's motion to conduct 2004 examination of Defendant

**05/24/2012** - Hearing held on United States Trustee motion to reconsider and vacate 03/14/2012 and 03/15/2012 orders and Defendant's opposition thereto

3

**05/25/2012** -   Order entered vacating orders entered  03/14/2012 and 03/15/2012

**05/25/2012** -   Clerk issues new notice of Defendant's Chapter 11 case, new date for meeting of creditors and bar date for filing complaints objecting to discharge, described as, "*First date set for confirmation of plan.* Notice of that date will be sent at a later time."

**05/28/2012**  -   Defendant files motion to convert Chapter 11 case to case under Chapter 7

**06/05/2012** -   Order entered approving Defendant and United States Trustee's Stipulation and Consent Order Court Concerning Scheduling And Litigation Management Respective To Pending Chapter 11 Case, Motion To Reconvert And Motion To Vacate Order Converting Case To Chapter 11, requiring Defendant's production of certain documents requested by United States Trustee, and setting August 29, 2012 for hearing on said motions

**06/18/2012** -   Chapter 11 meeting of creditors

**08/27/2012** -   Chapter 11 meeting of creditors continued

**08/29/2012**  -   United States Trustee files complaint objecting to Defendant's discharge

**09/04/2012**  -   Order entered denying Defendant's motion to vacate order converting Chapter 7 case to Chapter 11, and granting Defendant's motion to convert Chapter 11 case to a case under Chapter 7

As noticed out by the Clerk while the case was pending in Chapter 11, on October 24, 2011 and again on May 25, 2012, the bar date for filing a complaint objecting to discharge in Chapter 11 is the first date set for the confirmation hearing.  Rule 4004(a).  As Defendant never filed a plan for which a confirmation hearing date would have been set in his Chapter 11 case, said date did not pass before the United States Trustee filed the Complaint, and the Complaint was timely at that point.  The narrow issue presented for the court is whether the Complaint, timely filed while Defendant's case was pending in Chapter 11, became subject to the bar date set in the original Chapter 7 case upon conversion of the case back to Chapter 7, and retroactively became untimely in the reconverted case.

Bankruptcy Rule 1019(2)A) addresses the commencement of new filing periods in cases

4

reconverted to Chapter 7:

> **Rule 1019.  Conversion of a Chapter 11 Reorganization Case, Chapter 12 Family Farmer's Debt Adjustment Case, or Chapter 13 Individual's Debt Adjustment Case to a Chapter 7 Liquidation Case**
>
> When a chapter 11, chapter 12 or chapter 13 case has been converted or reconverted to a chapter 7 case:
> . . .
> *(2) New Filing Periods*
>
> (A) A new time period for filing a motion under §707(b) or (c), a claim, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence under Rules 1017, 3002, 4004, or 4007, but a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing a motion under §707(b) or (c), a claim, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

This provision clearly precludes a second chance to file a complaint objecting to discharge in a reconverted Chapter 7 case where the time had expired in the original Chapter 7 case, but the Rule is silent where, as here, a complaint was timely filed while the case was pending in Chapter 11, prior to conversion back to Chapter 7.

Defendant relies upon the holding of *In re Kirkpatrick*, 120 B.R. 309 (BC SDNY 1990). *Kirkpatrick* involved a dischargeability complaint filed during the Chapter 11 phase of the case, where the bar date for filing such complaints had run in the original Chapter 7 case prior to conversion to Chapter 11, and no new date for filing such complaints was set in the debtor-defendant's reconverted Chapter 7 case.  In its findings of fact, the court described the Order for Meeting of Creditors entered following conversion of the Chapter 7 case to Chapter 11, noting that,

> Although a new date for filing objections to discharge was fixed in this Order, no date for filing dischargeability complaints was set. The Order stated that no dischargeability date applied to the converted Chapter 11 case.

The court examined Rule 4007(c), which fixes the time for filing such a complaint as had been filed in that case, providing as follows:

5

> **Rule 4007     Determination of Dischargeability of a Debt**
> . . .
> . . .
>      *(c) Time for Filing Complaint Under §523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, Chapter 12 Family Farmer's Debt Adjustment Case, or Chapter 13 Individual's Debt Adjustment Case; Notice of Time Fixed*. Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

The court framed the issue as follows: "The sole issue presented is whether a new period for filing dischargeability complaints begins in a converted Chapter 11 case where such period has expired in the preceding Chapter 7 case." *Id.* at 310. The court held that, "pursuant to B.R. 1019(3) no new period commenced in the subsequent Chapter 11 case."[1]

In accord with *Fitzpatrick* is the case of *Bank of Commerce & Trust Co. v. Schupbach (In re Schupbach)*, 473 B.R. 423 (BC Kan. 2012), involving a dischargeability complaint filed within sixty days following the meeting of creditors in a Chapter 11 case where the bar date had passed in the preceding Chapter 13 case. The court held that,

> Although the meetings of creditors held in the Chapter 13 proceeding and the subsequent Chapter 11 proceeding are distinct, it does not follow that there are two 'first dates' for purposes of Rule 4007(c). In this Court's view, the plain meaning of the reference in Rule 4007(c) to the "first date set for the meeting of creditors" is to the first date set in the case. The conversion does not create a new case.

Id. at 428.

*Fitzpatrick* and *Schupbach* highlight a significant difference between Rule 4007(c), governing the time for filing the dischargeability complaints in those cases, and Rule 4004(a), governing the time for filing discharge complaints: Rule 4007(c) describes only one date - "60 days after the first date set for the meeting of creditors" - whereas Rule 4004(a) describes different dates depending upon whether the complaint is being filed in a Chapter 7 case, a Chapter 11 case or a Chapter 13 case. The court sees no basis for taking away an important

---

[1]Rule 1019(3) was the predecessor, in relevant part, to present Rule 1019(2)A).

6

procedural right expressly created for filing discharge complaints in a Chapter 11 case, timely exercised by the United States Trustee in this case, simply because the debtor abandoned his reorganization efforts and reconverted his case to Chapter 7.

The case of *In re Dipalma*, 94 B.R. 546 (BC ND Ill. 1988), also relied upon by Defendant, is likewise of no help to his position. In *Dipalma,* the complaint was filed *after* conversion back to Chapter 7 in a case first filed under Chapter 7, converted to a case under Chapter 13, and reconverted to Chapter 7. By contrast, the instant complaint was timely filed while the case was pending under Chapter 11.

Where the Code and Rules are silent on the narrow issue, this court is hard-pressed to find grounds for holding that the United States Trustee's complaint, timely filed during the Chapter 11 phase of Defendant's case, should be subject to retroactive application of the original Chapter 7 bar date upon conversion back to Chapter 7. The absurdity of such an application is evident when one considers the effect on a complaint objecting to discharge brought by a Chapter 11 trustee or a Chapter 11 unsecured creditors committee. If such a complaint were to be time-barred upon conversion back to Chapter 7, no party in interest in the Chapter 7 case would be able to seek substitution for the Chapter 11 plaintiff and continue to maintain the action, despite its continued relevance to the creditors of the estate. The absurdity of Defendant's argument is also evident upon review of the allegations of the instant Complaint. According to the Complaint, the alleged conduct came to light *after* passage of the original Chapter 7 bar date in the context of Defendant's amendment of his Schedules A through J and Statement of Financial Affairs on October 15, 2011; his alleged unauthorized sale of property of the estate on March 26, 2012; and statements made under oath at his Chapter 11 meetings of creditors. These allegations would make out a complaint for revocation of discharge even if the court were to hold that Defendant is entitled to a discharge for lack of a timely filed complaint during the original Chapter 7 case.

For the foregoing reasons, an appropriate order denying the Motion To Dismiss will be entered.

cc:
Plaintiff's Counsel
Defendant
Defendant's Counsel

**End of Memorandum**