Date signed July 17, 2013



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

In re:                                  :
                                        :
JAMES ROMELL ELLIS                      :       Case No. 11-28015-PM
                                        :            Chapter 7
                Debtor                  :
- - - - - - - - - - - - - - - - - - - - - :
                                        :
UNITED STATES TRUSTEE                   :
                Plaintiff               :
        v.                              :       Adversary No. 12-0578-PM
                                        :
JAMES ROMELL ELLIS                      :
                Defendant               :
- - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

On June 19, 2013, this case came before the court for trial on the three-count Complaint To Deny Discharge of Debtor filed by the United States Trustee. The Complaint is founded on the following alternative grounds under the applicable section of the Bankruptcy Code:

**11 U.S.C. § 727 - Discharge**

(a)  The court shall grant the debtor a discharge, unless—
        *          *          *          *          *
        (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
                *          *          *          *          *
                (B) property of the estate, after the date of the filing of the petition;

(3)  the debtor has concealed, destroyed, mutilated,  falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; [or]

(4)  the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account[.]

The foregoing three subsections correspond to the three counts of the Complaint. The Plaintiff bears the burden of proving grounds for denying discharge.  Each element must be proven by a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 287-288 (1991).  Only one count needs to be successful, as the foregoing subsections are in the alternative.  For this reason, the court will limit this decision to the matters involved in Counts I and II .

As in all Chapter 7 cases, upon the commencement of this case on May 31, 2011, the Clerk of Court issued directly to Debtor a Notice To Debtor(s) Of General Chapter 7 Responsibilities admonishing him that "[y]ou must not sell, transfer, refinance, mutilate or conceal any property of the estate. You must make all or any part of that property available to the Trustee when requested to do so."  Plaintiff's Exhibit 18.[1]  Among the assets listed by Debtor in his Amended Schedule B filed October 15, 2011, was a 2005 Cadillac STS owned solely by him, valued at $13,000.00, that was subject to a lien held by Navy Federal Credit Union ("NFCU") scheduled as being in the amount of $3,438.00.  Plaintiff's Exhibit 10.  Debtor also claimed $6,812.10 of its value as exempt, leaving $2,749.90 of its value as nonexempt property of the estate. On March 26, 2012, without authorization from the Trustee or this court, Debtor sold the vehicle to Carmax and, after payment of NFCU's lien, netted the sum of $9,369.00, which he deposited into his Treasury Department Federal Credit Union account.  Plaintiff's Exhibit 16. The proceeds were then used by him to pay a domestic support obligation, make a

---

[1]Debtor's Chapter 7 case was commenced upon the filing of a joint voluntary petition by Debtor and his then-spouse, Cynthia Denise Ellis. *See* Chapter 7 Case No. 11-21427. On October 3, 2011, an Order was entered on Debtors' Motion To Deconsolidate Their Joint Case based on Debtor's spouse having commenced a divorce proceeding and Debtor having decided to proceed in Chapter 11. For further background on the travel of Debtor's instant case, see the court's Memorandum and Order entered in the main case on September 4, 2013, at D.E. No. 92. Therein, the court denied Debtor's motion to vacate the conversion to Chapter 11 that Debtor alleged was the result of "excusable mistake." Had Debtor not converted the case to a case under Chapter 11, he would have received his discharge in the ordinary course as the bar date had passed prior to that conversion.

down payment on another vehicle, pay tuition bills, make a home mortgage payment, and pay other bills. The following month, Debtor purchased a Ford F-150 vehicle for $30,191.00, subject to a secured loan in the amount of $31,745.64, with a $2,000.00 down payment.[2] The Debtor, rather than having an asset with a net value over $9,000.00, was left with a vehicle subject to a lien in excess of the purchase price. Plaintiff's Exhibit 14. However, according to the proof of claim filed by NFCU, the monthly payment on the Cadillac was $857.92. Assuming Debtor made the monthly payments on the Cadillac up to the time of sale, it would appear that the non-exempt equity had evaporated by the time of the sale as the proceeds of sale included those resulting from Debtor's postpetition payments to NFCU that were not made from property of the estate. Debtor testified having believed that following the issuance of his discharge on March 15, 2012, he was free to dispose of all property of the estate that was in his possession. The court finds this explanation to have a slight amount of merit in view of the inactivity of the Trustee in pursuing the marginal equity in the Cadillac. The Trustee's inactivity as to this asset is understandable in light of Debtor's March 12, 2012, motion to vacate the order converting the case to a case under Chapter 11. Had the conversion been vacated, Debtor would not have been subject to any objection to his discharge. *See* Memorandum of Decision, D.E No. 11, entered in this Proceeding. The court finds that Plaintiff has not sustained his burden of proof on Count I.

Count II of the Complaint charges Debtor with failure to keep or preserve recorded information. Debtor is an experienced businessman, having been employed by the Marriott Corporation, United Airlines, General Electric and U.S. Sprint, among others. He has been employed since April 2011 as the Director of Statistical Survey Support Systems Development by the Department of Energy at an annual salary of over $140,000.00. For someone seeking to discharge more than $1.7 million in debt, this requirement to retain records is a modest burden. In order to succeed in an action under §727(a)(3), the United States Trustee must make an initial showing that "(1) the debtor failed to keep and preserve adequate financial records, and (2) such a failure makes it impossible to ascertain the debtor's financial condition. *See Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir.1992). In the case of *In re French*, 499 F.3d 345, 354-355 (CA4 2007), the Court of Appeals set out the standard for debtors seeking to obtain a discharge

---

[2]At a meeting of creditors held pursuant to 11 U.S.C. § 341 on August 27, 2012, Debtor testified that he used the proceeds as part of the purchase price. Plaintiff's Exhibit 2, p. 6, ll. 1-3. While not material to the matter at issue, this evidences Debtor's cavalier approach to truthful testimony and his obligations under the Bankruptcy Code.

in bankruptcy as it relates to §727(a)(3):

> The essential requirement of §727(a)(3) under these authorities is, as the Third Circuit has explained, that the records "sufficiently identify the transactions so that intelligent inquiry can be made of them. The test is whether there is available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained." *Meridian Bank*, 958 F.2d at 1230 (internal quotation marks omitted); *see also Schifano*, 378 F.3d at 69 (concluding that records preserved must reasonably allow court and parties to ascertain accurate picture of debtor's financial affairs); *Noroian*, 422 F.2d at 1094 ("All that is required is that a competent accountant should be able to determine from such books and records the financial condition of the bankrupt."); *In re Greene*, 202 B.R. 68, 71 (Bankr.D.Md.1996) ("The appropriate inquiry is whether the debtor kept records which would allow creditors to ascertain the debtor's present financial condition and business transactions over a reasonable period of time. The Bankruptcy Code does not demand perfection, but it does require debtors to maintain records in a manner that is reasonable under the circumstances of the particular case." (internal citations omitted)); *In re Baxter*, 96 B.R. 58, 60 (Bankr.E.D.Va.1989) ("A debtor's records must at least reasonably allow for the reconstruction of the debtor's financial condition to meet the requirements of the Bankruptcy Code." (internal quotation marks omitted)). We are content with the principle that a bankruptcy debtor is not required to maintain perfect records. A debtor is, however, obliged by the statute to preserve sufficient and adequate financial records to enable the court and the parties to reasonably ascertain an accurate picture of his financial affairs.

Where a debtor is sophisticated in business, as here, creditors have an expectation of better record keeping. *Cf. In re Scott*, 172 F.3d 959, 970 (CA7 1999). Debtor's employment history is such that one would expect him to have records supporting his right to discharge scheduled debts aggregating $1,729,200.94. *Cf. In re Adeeb*, 787 F.2d 1339, 1343 (CA9 1986) ("lack of injury to creditors is irrelevant for the purpose of denying a discharge in bankruptcy."); *In re Davis*, 911 F.2d 560, 561 (CA11 1990); *In re Smiley*, 864 F.2d 562, 569 (CA7 1989) ("proof of harm is not a required element of a cause of action under Section 727").

Debtor's bankruptcy filing was the result of his failure in the business known as PEP Stars, Inc., of which Debtor was chief operating officer, chief technology officer and stockholder. While the schedules filed by the Debtor in both cases are not models of clarity and disclosure, testimony was offered that Debtor also owned a substantial portion of an entity known as Perpetual Enterprise Partners, LLC, which in turn owned 35% of Pep Stars. This lack of information prevented the Trustee from attempting to obtain any value from these entities as

well as any chance of seeking contribution or any set off against the Prince George's County Circuit Court judgment totaling $103,911.16 for claims held by five individuals against the two business entities and the Debtor, jointly and severally.[3]  The Trustee was disenabled from seeking any value from these companies' assets because of the absence of any financial records. The Debtor cannot escape his duty to keep and preserve such records.  The Trustee could not accurately determine Debtor's financial condition and business transactions.  *See In re Caneva*, 550 F3d 755, 762 (CA9 2008) ("As the Third Circuit has stated " '[c]omplete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the act applies.' " *Meridian Bank*, 958 F.2d at 1230(*quoting In e Underhill*, 82 F.2d 258, 259-60 (2d Cir.1936))"; *see also In re O'Hara*, 2013 WL 1751001 *7 N.D.N.Y. 2013) ("[T]he focus is on the documents that have not been provided by the debtor and whether it would be unduly burdensome or impossible to ascertain the debtor's financial condition or material business transactions without them."). For the foregoing reasons, the court finds that Plaintiff has proven the necessary elements of the exception to discharge found in §727(a)(3).

    In conclusion, the court finds that the United States Trustee met his burden of proof as to Count II. Count III will be dismissed as moot. An appropriate order will be entered.

cc:
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
James R. Ellis, 1205 Redcrested Court, Upper Marlboro, MD 20774

**End of Memorandum**

---

[3]A copy of the judgment dated January 24, 2011, against the Debtor, his former wife, Pep Stars, Inc. and Perpetual Enterprise Partners, LLC entered in the case of *Christina D. Simmons, et al, v. Perpetual Enterprise Partners*, LLC, et al., CAL 10-16279, is attached to proofs of claim no. 14, 15, 18 and  22.